**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LONZO PATRICK, | ) |
| | ) |
| Movant, | ) |
| | ) |
| | )   No. 4:24-CV-00607 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

On September 26, 2019, movant plead guilty to three counts of armed robbery and two counts of brandishing a firearm in furtherance of a crime of violence. *United States v. Patrick*, No. 4:17-CR-00519 HEA (E.D.Mo.). On April 29, 2021, the Court sentenced movant to a total term of imprisonment of 228 months, as well as three years of supervised release. Movant did not appeal. *Id.*

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the Court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment entered on April 29, 2021, became final fourteen days later, on May 13, 2021. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on May 13, 2022. The instant motion was placed in the prison mail system by movant on April 22, 2024. Therefore, it appears to be time-barred.

Movant insists in his motion to vacate that equitable tolling applies to his filing even though it was filed almost two years late. Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a movant can show that (1) he has been diligently pursuing his rights, and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631,

2

649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50. However, the application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001).

In his supplemental memorandum of law filed with his motion to vacate, movant argues that Hobbs Act robbery is no longer considered a "crime of violence." But as this Court noted on May 16, 2024, in the Opinion, Memorandum and Order denying movant's motion for compassionate release, in the Eighth Circuit, completed Hobbs Act robberies are crimes of violence. *See Green v. Garland*, 79 F.4th 920, 923-24 (8th Cir. 2023).

Movant also argues that he should not have received two consecutive sentences of eighty-four (84) months each, on the counts of brandishing a firearm in furtherance of a crime of violence. Movant cites to the Supreme Court case of *Abbott v. United States*, 562 U.S. 8 (2010) in support of his proposition. However, movant fails to articulate how this 2010 Supreme Court case, which was published prior to his sentencing, provides him an excuse for his failure to adhere to the statute of limitations in § 2255(f). Movant will be required to address this issue within twenty-one (21) days of the Court's Order.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for extension of time to supplement his motion to vacate [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that movant shall show cause, in writing and no later than **twenty-one (21) days** from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 16th day of October, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE